# SUPERIOR COURT

Annie Frain  
vs            N. 50289  
James Brady, Administrator

RESCRIPT.

September 26, 1924

SUMNER, J. Plaintiff has brought suit against the defendant administrator to recover for board, nursing and other necessaries furnished Catherine Malloy in her lifetime by the plaintiff. The defendant is the administrator of the estate of Catherine Malloy.

The jury returned a verdict for the plaintiff in the sum of $1085.70, and defendant has filed a motion for a new trial on the ground that the verdict is against the weight of the evidence.

Plaintiff claims that defendant's intestate, Catherine Malloy, went to live with her temporarily and stayed for a period of some 43 weeks; that during that time she furnished intestate with board and lodging, made up special dishes, and to some extent nursed her; that decedent slept in the same bed with her and that there was a "peculiar odor" about her.

The Court believes that the decedent did spend with the plaintiff approximately the period claimed, but is sceptical as to the nursing alleged to have been done for her, and believes that the bill rendered by the plaintiff, and upon which the jury returned a verdict, was much too large and that $10 a week would have been a fairer charge than the $25 a week awarded by the jury, provided there was any claim at all. But there is a legal question involved in the case which is disclosed after a careful reading of the testimony. The decedent was a distant relation of plaintiff's husband and plaintiff did not want to put her out.

Corpus Juris, Vo. 13, page 286, says: "If services are rendered or goods delivered without any intention or expectation there can be no recovery therefor." Alson, page 287: "One who had boarded and lodged another from charitable motives can not afterwards recover therefor."

The plaintiff apparently bases her claim upon a vague statement alleged to have been made by the decedent: "I will pay you every cent I owe you," and the testimony of two other witnesses that decedent said she intended to pay the plaintiff for her services.

Plaintiff admits that decedent never offered to pay her any board, and that the decedent had spent a winter at one time and a summer at another time with her before, for which no consideration was sought or paid.

The plaintiff testified in this case that she didn't think that the decedent had any money, and if she didn't have any money, she didn't intend to charge for her services. She admits stating to the wife of the defendant, after decedent's death, that the decedent did not owe her anything, but said that she made the statement because she did not believe the decedent had any money.

The Court believes that the plaintiff took the decedent, Catherine Malloy, without any expectation or hope of receiving any money, believing her penniless; in other words, from purely charitable motives, and that under the law as above laid down, she can not recover.

Defendant's motion for a new trial is granted.